## No. 11,051.

MRS. MELANIE D. BRETON, WIFE OF EUGENE BRICE SEMBRE, VS. HER HUSBAND.

### THE H. B. CLAFLIN COMPANY, INTERVENORS.

A judgment homologating the final account of the syndic of an insolvent estate, which becomes final, is *res judicata* to all parties who participated in the cession or *concurso*.

In a suit for separation of property, to which the husband's syndic is made a party, and the creditors intervene, the husband has no interest in the suit, and the wife is a competent witness for her own interest.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Sambola & Ducros* for Plaintiff and Appellee:

I.

(a) Any disorder of the husband's affairs, which may endanger the wife's actual or eventual estate, warrants, always and under all circumstances possible, a judgment of separation of property. R. C. C 2425; 6 R. 344; 10 An. 278; 5 Marcade, 569.
(b) The husband's schedule and cession of property are competent and sufficient proof of this disorder. 16 An. 369.
(c) The decree of homologation of his syndic's account is *res judicata quoad* all creditors, parties to the cession or *concurso*. 2 An. 994; 4 An. 475; 13 An. 98; 18 An. 65; 27 An. 587.

II.

In a suit for separation of property, to which the husband's syndic is party defendant and the husband's creditor party intervening, the wife, whose husband has no possible interest in the case by reason of his cession, is a competent witness for her separate interest therein. 36 An. 218, 220; 9 R. 43; 4 An. 472; R. C. C. 2281; 23 An. 164; 41 An. 278.

Breton vs. Her Husband.

III.

(a) A peremptory exception predicated of the vagueness or generality of a plain-
tiff's pretensions may be interposed only by a co-litigant and *in limine litis.*
C. P. 343, 344; Pothier, Proc. Civ., Part I, Ch. 2, Sec. 2, Art. 1.

(b) Unimpeachable and uncontradicted testimony showing sufficient probability
of its truth to satisfy the mind and conscience of a common man entitles a
party plaintiff to judgment. 1 Starkie, 478; 1 Greenleaf, Secs. 1 and 2; 33 An
803; 5 Marcade, 207.

IV.

A judgment of separation of property should show its real character on its face,
not by implication. R. C. C. 2425, 2426, *et seq.*

*Henry L. Lazarus,* for Intervenors and Appellants, cited: 38 An.
197; 41 An. 278.

The opinion of the court was delivered by

McENERY, J.    This is a suit for the dissolution of the community
and separation of property existing between plaintiff and her hus-
band.

The petition alleges that plaintiff and defendant were married in
Philadelphia, 5th of March, 1884, and that before her marriage she
was possessed in her own right of "moneys, values, jewelry, to an
amount of about $20,000;" that she handed to her said husband out
of said "values" the sum of $10,000, and that she invested a part
of the balance of said amount in a piece of real estate, valued at
$3000, which she purchased on the 30th of April, 1889, by act passed
before Marcel T. Ducros, notary public, said property being described
as a certain lot or portion of ground, together with the buildings and
improvements thereon, situated in the First District of the city of
New Orleans, in the square designated by the municipal number 265,
bounded by Gravier, Common, Baronne and Dryades streets, meas-
uring 20 feet 5 inches front on Gravier street by a depth of 79 feet
9 inches 6 lines on the side nearest to Dryades street, and 79 feet
7 inches 4 lines on the opposite side line; that her husband is in
hopeless insolvency, having made a cession of his property to his
creditors, and that his estate will not be sufficient to meet her rights
and claims, although she expects to realize from the insolvent estate
a certain percentage of the $10,000 which she claims. She prays for
a judgment dissolving the community and decreeing a separation of
property, the recognition of her right to enjoy and administer the

real estate and jewelry and silverware as her separate and para-
phernal property, settling and liquidating her claim for $10,000, with
the right of receiving personally whatever dividend she may receive
from the insolvent's estate on account of her $10,000.

The syndic of the estate of the insolvent husband was made a
party defendant to the suit and filed an answer.

H. B. Clafflin & Co., creditors of the insolvent, intervened in the
suit, alleging they were creditors for $2124.95 for merchandise sold
to the insolvent husband, and denied the allegations in plaintiff's
petition that she was in any way a creditor of her husband, and that
plaintiff's suit was instituted for the purpose of withholding property
belonging to the insolvent from the just pursuit of his creditors.

There was judgment in favor of plaintiff granting the prayer in
her petition, except as to the jewelry and silverware, for which there
was judgment of *non-suit*.

The intervenors appealed.

The plaintiff was placed on the insolvent's schedule as a creditor
for $10,000.

The intervenors were parties to the insolvent proceedings. After
the institution of this suit the plaintiff received from the syndic the
sum of $695.70 as a dividend upon the $10,000 claimed by her. The
syndic filed his account, which was approved by the intervenors. It
was homologated and became final, and the intervenors are there-
fore concluded by the judgment homologating the same. Lee vs.
His Creditors, 2 An. 994.

The plaintiff makes no other claim in reference to said amount
than the dividend coming to her from the estate of the insolvent.

With respect to the other property claimed, the evidence to sup-
port the same rests almost exclusively upon the testimony of the
plaintiff. Her testimony intrinsically carries with it a conviction of its
truth and sincerity. There is some corroboration of it. It is uncon-
tradicted. No attempt was made to impugn it. It was objected to
on the ground that the wife is not a competent witness to establish
her claim in a suit for separation of property against her husband,
whether it be against her husband or the intervenors.

The property claimed by plaintiff was not placed on the insolvent's
schedule. There was no effort made by any creditor to have it
placed thereon. The intervenors in their opposition knew of the exist-
ence of this suit, as they had made themselves parties to it. In their

opposition they failed to oppose the homologation of the account because the real estate and jewelry and silverware claimed by plaintiff were not placed thereon. It would seem, therefore, that they were without interest after the insolvent estate had been finally settled to oppose the judgment sought by plaintiff in relation to this property. When the suit of plaintiff was instituted and filed, the defendant had already gone into insolvency and the syndic was made a party defendant. The husband therefore had no interest in the suit. The issues were between plaintiff and the creditors represented by the syndic. She was, therefore, a competent witness in behalf of her own interest. Cosgrove vs. His Creditors, 41 An. 278.

The evidence is uncontradicted that the plaintiff advanced the money as alleged in her petition and that she is the owner in her own right of the real estate described in her petition. There is no description so as to identify the jewelry and the silver, either in the petition or in the evidence. This personal property is in the plaintiff's possession and no one seems to dispute her title to it. But we can render no decree, in relation thereto, because of an absence of some evidence to identify it.

The plaintiff asks for an amendment of the judgment appealed from. The amendment would only state the effect of the judgment. appealed from and we see no reason why it should be embodied in the decree.

Judgment affirmed.